UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ENOH JOHNSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | C.A. No. 18-11514-ADB |
| | * | |
| KIMBERLY WONG, et al., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons set forth below, the Court allows plaintiff's motion for leave to proceed *in forma pauperis* and denies plaintiff's motion for emergency hearing. If plaintiff wishes to proceed with this action, he must file an amended complaint.

I. **BACKGROUND**

On July 20, 2018, Enoh Johnson ("Johnson") a self-described homeless resident of Brighton, Massachusetts, filed a *pro se* complaint accompanied by motions for leave to proceed *in forma pauperis* and for emergency hearing. *See* Dkt. Nos. 1-3. Plaintiff submits his complaint on a preprinted complaint form (AO Pro Se 1) and it is accompanied by 38 pages of exhibits. *See* Complaint ("Compl."), Dkt. No. 1. Plaintiff states that his housing "subsidy [from the U.S. Department of Housing and Urban Development] was terminated on 12-8-17 without DUE PROCESS [and that he is] also submitting that the Housing Court Department of Eastern Division is making custody decisions without considering Probate and Family Court orders." *Id.* at ¶ III (statement of claim). The complaint names the following two defendants: (1) Kimberly

Wong, Peabody Properties Assistant Property Manager; and (2) Misty Pisani, Charlesview Residence Program Coordinator. *Id.* at ¶¶ I(B) (the defendants).

The following has been gleaned from the exhibits submitted with his complaint: (1) plaintiff has joint legal and physical custody of two minor children; (2) Charlesview Residences determined that plaintiff was no longer eligible for a three bedroom apartment and offered him a one bedroom apartment; (3) plaintiff's Charlesview apartment lease was terminated effective December 6, 2017; (4) on February 12, 2018, Peabody Properties initiated a summary process action against plaintiff in Boston Housing Court; and (5) on May 24, 2018, an eviction notice was served on plaintiff advising, among other things, that any goods that remain in the apartment on May 30, 2018, will be placed in storage. *See* Compl., Dkt. No. 1-2.

In his one-page, handwritten motion for an emergency hearing, Johnson moves for this Court to grant his "request for an emergency shelter for [plaintiff and his minor daughter because their] United States Federal Housing Subsidy was illegally terminated without due process of law." *See* Dkt. No. 2.

## II.  IN FORMA PAUPERIS

Upon review of plaintiff's motion for leave to proceed *in forma pauperis*, the Court concludes that he is without income or assets to pay the $400.00 filing fee. The motion is therefore granted.

## III.  SCREENING OF THE ACTION

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Section 1915 authorizes federal courts to dismiss a complaint if the claims therein lack an arguable basis in law or in fact, fail to state a claim on

which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. ' 1915(e)(2). In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding *pro se*. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief, a complaint must, in compliance with Fed. R. Civ. P. 8(a)(2), include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court is not "bound to accept as true a legal conclusion couched as a factual allegation," and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting in part *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of a cause action, supported by mere conclusory statements, do not suffice.").

Johnson's complaint fails to state a claim upon which relief may be granted because his statement of the claim does not meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. He has not identified the alleged acts of misconduct by each of the parties, and the Court will not credit his conclusory assertions. If he wishes to pursue this action, he must file an amended complaint in which he sets forth, with clarity, the alleged misconduct of each party.

To the extent Johnson seeks review of state housing court rulings, this court is without jurisdiction to do so. Under the *Rooker-Feldman* doctrine, a federal district court lacks jurisdiction over a final judgment of a state court. *See Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 65 (1st Cir. 2008). The *Rooker–Feldman* doctrine "means in a nutshell that a federal court below the United States Supreme Court does not have jurisdiction over a claim that

seeks in essence to overturn a state court judgment. Instead, the proper avenue for such a challenge is to the state's highest court and from there to the United States Supreme Court." *Bradbury v. GMAC Mortg., LLC*, 780 F.Supp.2d 108, 113 (D. Me. 2011); *see Davison v. Gov't of Puerto Rico–Puerto Rico Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006) ("[T]he proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment."). Accordingly, this court lacks jurisdiction to revisit the decisions entered in Johnson's case in state housing court.

Finally, to the extent Johnson seeks to have this court grant his request for housing in an emergency shelter, this court is unable to order the requested relief. Accordingly, the request for emergency hearing will be denied.

## IV. CONCLUSION

Accordingly:

1. The motion for leave to proceed *in forma pauperis* [Dkt. No. 3] is GRANTED.

2. The motion for an emergency hearing [Dkt. No. 2] is DENIED.

3. If the plaintiff wishes to proceed with this action, he must, within twenty-one days of the date of this order, file an amended complaint that cures the pleading deficiencies of his original complaint. Failure to comply with this directive result in dismissal of this action.

**SO ORDERED.**

July 20, 2018 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE