UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ENOH JOHNSON, | * |  |
|  | * |  |
| Plaintiff, | * |  |
|  | * |  |
| v. | * |  |
|  | * | Civil Action No. 1:18-cv-11514-ADB |
| KIMBERLY WONG, MISTY PISANI, and | * |  |
| BARBARA CASTRO, | * |  |
|  | * |  |
| Defendants. | * |  |
|  | * |  |

## MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS

BURROUGHS, D.J.

Plaintiff Enoh Johnson's federal housing subsidy was terminated and he was subsequently evicted from his apartment at the Charlesview Residences in Brighton, Massachusetts. He now brings claims related to the alleged violation of his constitutional right to due process pursuant to 42 U.S.C. § 1983 based on the Defendants' failure to comply with the Fair Housing Act of 1968, 42 U.S.C. §§ 3601 *et seq.* [See generally ECF No. 11 ("Amended Complaint" or "Am. Compl.")].[1] Defendants Kimberly Wong, Misty Pisani, and Barbara Castro are all employees of the managing agent for Johnson's former landlord. Before the Court is Defendants' motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [ECF No. 19]. For the reasons explained herein, the motion is GRANTED, and the Amended Complaint is dismissed with prejudice.

---

[1] The Amended Complaint also references the "Federal Interstate Child Custody Enforcement Jurisdiction Law." The Court is not familiar with that law. Regardless, Johnson does not seek relief under it.

I.  BACKGROUND

The following facts are drawn from the Amended Complaint, the well-pleaded allegations of which are taken as true for purposes of evaluating Defendants' motion to dismiss. See Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014). Certain details are also culled from documents whose authenticity are not disputed by the parties, from official public records, from facts determined in litigations to which Johnson was a party, and from documents attached or referred to in the Amended Complaint. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).

Johnson moved into a three-bedroom apartment at the Charlesview Residences in August 2014 with two of his minor children. [ECF No. 20-6 at 3]. Those two children moved to California with their mother in October 2014, but Plaintiff remained in the government-subsidized, three-bedroom apartment until early 2018. [Id.; see also ECF No. 20 at 2].[2] During those years, Johnson attempted, unsuccessfully, to gain custody of some of his five children, including the two children who had moved to California and a daughter who resided in Rhode Island. [ECF Nos. 20-6 at 2–3; 23]. After recognizing that Johnson was living in his three-bedroom apartment alone, Defendants' employer, Peabody Properties, Inc. ("Peabody"),[3] offered to transfer him to a one-bedroom unit in October 2016 and then again in October 2017, but Johnson refused both times. [ECF No. 20-6 at 2].

---

[2] As of May 2017, the contract rent for Johnson's apartment was $2,565 monthly. Johnson was responsible for paying $204 in rent per month.

[3] Following a trial in the summary process proceeding brought by Peabody, the housing court issued an order in which it explained that Johnson had testified that he had been fighting for custody of the two children who moved to California. [ECF No. 20-6 at 3]. Johnson also testified that he had custody of his daughter, but the Court rejected that argument and took judicial notice of a Rhode Island court order which held that "Rhode Island shall be the home for [Johnson's daughter]." [Id. at 2].

2

In November 2017, Johnson indicated that he would move into a one-bedroom apartment. [Am. Compl. at 2]. On December 4, 2017, Defendant Wong asked Johnson to come to her office to sign a one-bedroom apartment lease. [Id.]. The next day, Johnson filed a civil action requesting that a Massachusetts housing court issue a temporary restraining order prohibiting his removal from the three-bedroom unit. [Id.; ECF No. 20-5].[4] Summons for a December 13, 2017 hearing on Johnson's application for a temporary restraining order was served on Defendant Castro on December 7, 2018. [Am Compl. at 3]. On the same day, Johnson's federal housing subsidy was terminated, and he remained in the apartment without paying the increase in rent for which he was responsible once the housing subsidy ended. [Id.]. Following the December 13, 2017 hearing, the housing court denied Johnson's request for a restraining order and concluded that Johnson "has no reasonable likelihood that he will prevail on the merits of his claim given [that] his children reside with their mothers . . . ." [ECF No. 20-5].[5] Peabody then initiated a summary proceeding before the housing court, which entered judgment for possession of the apartment and damages of $3,663.00 on March 9, 2018. Johnson filed an appeal in the summary process proceeding on May 2, 2018, and an appeal from the denial of a temporary restraining order on June 15, 2018, but did not prevail on either appeal. [ECF No. 20-8 at 5; 20-9 at 6].

---

[4] To the extent that Johnson claims that he sought a temporary restraining order requiring Peabody to transfer him to a larger space after he moved into the one-bedroom apartment, the Court disregards those assertions because they are inconsistent with the facts as shown by his application for the temporary restraining order, the order denying his application, and the facts as determined by the housing court after trial. Contrary to the assertions in the Amended Complaint, Johnson unambiguously sought an order prohibiting Peabody from removing him from the three-bedroom apartment. [See ECF Nos. 20-4, 20-5, 20-6 at 2].

[5] Johnson claims that Defendant Castro made inaccurate statements to the housing court at the December 13, 2018 hearing.

3

On July 20, 2018 Johnson filed the instant action and obtained leave to proceed *in forma pauperis*. [ECF Nos. 1, 6]. On August 24, 2018, Johnson filed the Amended Complaint, which cured certain pleading deficiencies as ordered by the Court. [ECF Nos. 6, 11].

## II. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff. United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011). While detailed factual allegations are not required, the complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and it must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations and citations omitted). The facts alleged, taken together, must "state a claim to relief that is plausible on its face." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 570). "A claim is facially plausible if supported by 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Eldredge v. Town of Falmouth, 662 F.3d 100, 104 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

When assessing the sufficiency of a complaint, the Court first "separate[s] the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Maddox, 732 F.3d at 80 (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). Next, the Court "determine[s] whether the remaining factual content allows a 'reasonable inference that the defendant is liable for the

4

misconduct alleged.'" Id. (quoting Morales-Cruz, 676 F.3d at 224). "[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," however, a claim may be dismissed. Iqbal, 556 U.S. at 679.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). "However, *pro se* status does not insulate a party from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

## III. DISCUSSION

Johnson requests three forms of relief: (1) to recover for violations of his constitutional and statutory rights; (2) to compel responses to certain interrogatories, requests for admission, and requests for productions served prior to his filing this action; and (3) to enforce an arrest warrant allegedly issued by a Massachusetts court on a non-party.[6]

With respect to Johnson's due process claim, "[d]ue process is flexible and calls for such procedural protections as the particular situation demands." Mathews v. Eldridge, 424 U.S. 319, 334 (1976) (quoting Morrissey v. Brewer, 408 U.S. 471, 481 (1972)). The degree of process required in any given situation is informed by "the private interest that will be affected by the official action; . . . the risk of an erroneous deprivation of such interest through the procedures

---

[6] The Amended Complaint also requests "to add Barbara Castro as a defendant in this matter." [Am. Compl. at 10]. Ms. Castro has already appeared in this action.

used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest" in avoiding the financial and administrative burdens that more process would entail. Id. at 335 (citation omitted). As the Massachusetts Supreme Judicial Court has recognized, "public housing tenants 'represent some of the most needy and vulnerable segments of our population, including low-income families, children, the elderly, and the handicapped.' It is for these reasons that a tenant's interest in her public housing tenancy 'is a protected interest, entitling her to fair procedures before the government can terminate it.'" Carter v. Lynn Hous. Auth., 880 N.E.2d 778, 787 (Mass. 2008) (quoting Lowell Hous. Auth. v. Melendez, 865 N.E.2d 741 (Mass. 2007), then quoting Spence v. Gormley, 439 N.E.2d 741 (Mass. 1982)).

Here, Johnson lost his subsidized housing only after he repeatedly refused to move into housing that was more suited to his needs and for which his landlord would have been entitled to reimbursement from the government. [See ECF No. 20-6 at 2]. Johnson then sought to obtain an injunction to secure his continued occupancy of a three-bedroom apartment that was not appropriate for his single-occupancy need. His requested injunction was denied after a hearing before the housing court, and his eventual eviction and rent liability were determined after a trial and the issuance of a reasoned opinion. [See generally ECF No. 20-6]. Johnson appealed, but was unsuccessful. [ECF No. 20-8 at 5, 20-9 at 6]. Overall, there was no shortage of process and Johnson has not identified a failure to comply with any relevant statute or regulation.[7] Although

---

[7] Johnson has argued that "State and Federal laws require[d] Charlesview Residences to give [him] 14 to 30 days' notice prior to terminating his Federal Subsidy." [ECF No. 23-1 at 7]. Federal regulations prohibit termination of tenancy from certain subsidized housing projects absent 30 days' notice and compliance with the rental agreement and state law. See 24 C.F.R. § 247.4(c). It is not clear whether those regulations were applicable to Charlesview, but even assuming their applicability, Johnson has not plausibly pled that he lacked notice given the

6

the Court sympathizes with Johnson's resulting homeless status, Johnson—not Defendants—is responsible for his present situation.

With respect to Johnson's requests that the Court enforce certain discovery requests made outside this action and an arrest warrant issued by a state court, Johnson has not identified any authority that would permit or require this Court to grant his requests. Even assuming the Court could entertain those requests, the Could would decline to grant them given Plaintiff's failure to state a cognizable claim.

I.  **CONCLUSION**

Accordingly, Defendants' Motion to Dismiss [ECF No. 19] is <u>GRANTED</u>, and the action is dismissed with prejudice. Johnson's pending Motion for Subpoena [ECF No. 24] is therefore <u>DENIED</u>.

**SO ORDERED.**

| | |
|---|---|
| February 25, 2019 | /s/ Allison D. Burroughs<br>ALLISON D. BURROUGHS<br>U.S. DISTRICT JUDGE |

---

communications requesting that he move into a more appropriate unit in October 2016, and October and December 2017.